DOA: 8/28/12

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

September 2011 Grand Jury    NO. 12-10445M

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 12-_____ |
| Plaintiff, | **I N D I C T M E N T** |
| v. | [18 U.S.C. § 371: Conspiracy; 18 U.S.C. §§ 1030(a)(5)(A), (c)(4)(B)(i), (c)(4)(A)(i)(I): Unauthorized Impairment of a Protected Computer] |
| RAYNALDO RIVERA,<br>  aka "neuron,"<br>  aka "royal,"<br>  aka "wildicv," | |
| Defendant. | |

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

1. At all times relevant to this Indictment:

    a. Sony Pictures Entertainment, Inc. ("Sony Pictures"), a subsidiary of Sony Corporation of America, was a major motion picture and television production company located within the Central District of California. Sony Pictures maintained computer systems, including database servers and servers for hosting its website (www.sonypictures.com), in Los Angeles County, within the Central District of California.

      b.   "Anonymous" was a collective of computer hackers and other individuals located throughout the world, including the United States, that conducted cyber attacks against individuals and entities that were perceived to be hostile to Anonymous and its members' interests. These attacks included, among other things, the theft and later dissemination of confidential information from victims' computer systems.

      c.   "Lulz Security," or simply "LulzSec," was a group of elite computer hackers affiliated with Anonymous. LulzSec undertook cyber attacks on the computer systems of various business and government entities in the United States and throughout the world. LulzSec announced and published confidential information it had stolen during such attacks on its website, lulzsecurity.com, and via its Twitter account, @LulzSec.

      d.   Defendant RAYNALDO RIVERA ("defendant RIVERA"), who went by the online usernames or nicknames "neuron," "royal," and "wildicv," resided in Tempe, Arizona, within the District of Arizona, and was a member of LulzSec.

2.   The following definitions apply to this Indictment:

      a.   "SQL," or "Structured Query Language," is a widely-used database language designed to manage data in a database and includes commands to extract, insert, update, and delete data.

      b.   A "SQL injection attack" is a form of attack on a database-driven website in which the attacker executes unauthorized SQL commands and takes advantage of insecure code on a computer system connected to the Internet. SQL injection attacks are often used to steal information from a database from

1  which the data would normally not be available and to gain access
2  to an organization's computers systems through the computer that
3  is hosting the database.
4              c.   A "proxy server" is a computer system or
5  application that acts as an intermediary for requests from
6  clients seeking resources from other servers.  A proxy server has
7  a large variety of potential uses, one of which is to attempt to
8  hide one's true Internet Protocol or "IP" address from others,
9  and to thereby remain anonymous.

COUNT ONE

[18 U.S.C. § 371]

3. The Grand Jury re-alleges and incorporates by reference the introductory allegations set forth in paragraphs one and two of this Indictment.

A. THE OBJECT OF THE CONSPIRACY

4. Beginning in or about April 2011, and continuing through in or about July 2011, in Los Angeles County, within the Central District of California, and elsewhere, defendant RIVERA, together with others known and unknown to the Grand Jury, including other members of LulzSec, knowingly combined, conspired, and agreed to intentionally cause damage without authorization to a protected computer, in violation of Title 18, United States Code, Section 1030(a)(5)(A).

5. It was a part and an object of the conspiracy that defendant RIVERA, and others known and unknown to the Grand Jury, including members of LulzSec, knowingly would and did cause the transmission of a program, information, code, and command, and as a result of such conduct, would and did intentionally cause damage without authorization, by impairing the integrity and availability of data, a program, a system, and information on a computer system that was used in and affecting interstate and foreign commerce and communication, causing a loss to one or more persons or entities during a one-year period aggregating at least $5,000 in value.

B. THE MANNER AND MEANS OF THE CONSPIRACY

6. The object of the conspiracy was carried out, and to be carried out, in substance, as follows:

      a.    Defendant RIVERA would register for a proxy service to attempt to hide his Internet activities from others.

      b.    Defendant RIVERA, together with known and unknown coconspirators, would conduct a SQL injection attack against Sony Pictures' computer systems.

      c.    Defendant RIVERA, together with known and unknown coconspirators, would obtain confidential information from Sony Pictures' computer systems as a result of the SQL injection attack.

      d.    Defendant RIVERA would distribute to other members of LulzSec the confidential information he had stolen from Sony Pictures' computer systems.

      e.    Coconspirators would announce the attack against Sony Pictures' computer systems on LulzSec's lulzsecurity.com website and via its @LulzSec Twitter account.

      f.    Coconspirators would post confidential information stolen from Sony Pictures on LulzSec's lulzsecurity.com website.

C.   OVERT ACTS

7.   In furtherance of the conspiracy, and to accomplish its object, defendant RIVERA, together with others known and unknown to the Grand Jury, committed and willfully caused others to commit the following overt acts, among others, in the Central District of California and elsewhere:

Overt Act No. 1: On or about May 23, 2011, defendant RIVERA registered for a proxy service.

Overt Act No. 2: From on or about May 27, 2011, through on or about June 2, 2011, defendant RIVERA and other known and unknown coconspirators conducted a SQL injection attack against

Sony Pictures' computer systems, exploiting vulnerabilities in such systems and making tens of thousands of requests for confidential information.

Overt Act No. 3: From on or about May 27, 2011, through on or about June 2, 2011, defendant RIVERA and other known and unknown coconspirators stole confidential information from Sony Pictures' computer systems via a SQL injection attack.

Overt Act No. 4: On or about June 2, 2011, defendant RIVERA provided confidential information he had stolen from Sony Pictures' computer systems via a SQL injection attack to members of LulzSec.

Overt Act No. 5: On or about June 2, 2011, defendant RIVERA's coconspirators announced the attack against Sony Pictures on LulzSec's lulzsecurity.com website and via its @LulzSec Twitter account.

Overt Act No. 6: On or about June 2, 2011, defendant RIVERA's coconspirators posted the confidential information stolen from Sony Pictures on LulzSec's lulzsecurity.com website.

COUNT TWO

[18 U.S.C. §§ 1030(a)(5)(A), (c)(4)(B)(i), (c)(4)(A)(i)(I)]

8. The Grand Jury re-alleges and incorporates by reference the allegations set forth in paragraphs one and two of this Indictment.

9. From on or about May 27, 2011, through on or about June 2, 2011, in Los Angeles County, within the Central District of California, and elsewhere, defendant RIVERA knowingly caused the transmission of programs, information, codes, and commands, and as a result of such conduct, intentionally caused damage without authorization by impairing the integrity and availability of data, programs, systems, and information on a computer system that was used in and affecting interstate and foreign commerce and communication, specifically, Sony Pictures' computer systems located in Los Angeles County, California, thereby causing a loss

///
///
///

1  to Sony Pictures aggregating at least $5,000 in value during a
2  one-year period beginning on or about May 27, 2011.
3
4                                         A TRUE BILL
5
6                                         _____
                                          Foreperson
   ANDRÉ BIROTTE JR.
7  United States Attorney
8

9  ROBERT E. DUGDALE
   Assistant United States Attorney
10 Chief, Criminal Division

11 WESLEY L. HSU
   Assistant United States Attorney
12 Chief, Cyber & Intellectual Property Crimes Section

13 ERIC D. VANDEVELDE
   Assistant United States Attorney
14 Deputy Chief, Cyber & Intellectual Property Crimes Section

15
16
17
18
19
20
21
22
23
24
25
26
27
28

8

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| United States of America | | CASE NUMBER: CASE NO. 12-10445M |
|---|---|---|
| | Plaintiff(s) | CR 12 00798 |
| v. | | |
| RAYNALDO RIVERA aka neuron, aka royal, aka wildicv | | **WARRANT FOR ARREST UNDER SEAL** |
| | Defendant(s) | |

TO: UNITED STATES MARSHAL AND ANY AUTHORIZED UNITED STATES OFFICER

YOU ARE HEREBY COMMANDED to arrest __RAYNALDO RIVERA,__
__aka neuron, aka royal, aka wildicv__

and bring him/her forthwith to the nearest Magistrate Judge to answer a(n): ☐Complaint ☒Indictment ☐Information ☐Order of Court ☐Probation Violation Petition ☐Violation Notice

charging him/her with: (ENTER DESCRIPTION OF OFFENSE BELOW)

**Conspiracy;**
**Unauthorized Impairment of a Protected Computer**

in violation of Title __18:__ United States Code, Section(s) __371:1030(a)(5)(A), (c)(4)(B)(i), (c)(4)(A)(i)(I):__

| Terry Nafisi | | August 22, 2012    LOS ANGELES, CALIFORNIA |
|---|---|---|
| NAME OF ISSUING OFFICER | | DATE AND LOCATION OF ISSUANCE |
| Clerk of Court | | |
| TITLE OF ISSUING OFFICER | | |
| **EDUARDO RAMIREZ** | | BY: __FERNANDO M. OLGUIN__ |
| SIGNATURE OF DEPUTY CLERK | | NAME OF JUDICIAL OFFICER |

**RETURN**

THIS WARRANT WAS RECEIVED AND EXECUTED WITH THE ARREST OF THE ABOVE-NAMED DEFENDANT AT (LOCATION):

| DATE RECEIVED | NAME OF ARRESTING OFFICER |
|---|---|
| DATE OF ARREST | TITLE |
| DESCRIPTIVE INFORMATION FOR DEFENDANT CONTAINED ON PAGE TWO | SIGNATURE OF ARRESTING OFFICER |

CR-12 (07/04)    **WARRANT FOR ARREST**    PAGE 1 OF 2

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| United States of America | CASE NUMBER: |
|---|---|
| Plaintiff(s) | CR 12 00798 |
| v. | |
| RAYNALDO RIVERA<br>aka neuron, aka royal, aka wildicv | WARRANT FOR ARREST<br>UNDER SEAL |
| Defendant(s) | |

## ADDITIONAL DEFENDANT INFORMATION

| RACE: | SEX: | HEIGHT: | WEIGHT: | HAIR: | EYES: | OTHER: |
|---|---|---|---|---|---|---|

| DATE OF BIRTH: 1992 | PLACE OF BIRTH: | SOCIAL SECURITY NO. | DRIVER'S LICENSE NO. | ISSUING STATE |
|---|---|---|---|---|

**ALIASES:**

**SCARS, TATTOOS OR OTHER DISTINGUISHING MARKS:**

| AUTO YEAR: | AUTO MAKE: | AUTO MODEL: | AUTO COLOR: | AUTO LICENSE NO. | ISSUING STATE |
|---|---|---|---|---|---|

**LAST KNOWN RESIDENCE:**

**LAST KNOWN EMPLOYMENT:**

**FBI NUMBER:**

**ADDITIONAL INFORMATION:**

| INVESTIGATIVE AGENCY NAME:<br>FBI - Federal Bureau of Investigation<br>USSS - United States Secret Service | INVESTIGATIVE AGENCY ADDRESS: |
|---|---|

**NOTES:**

WARRANT FOR ARREST

CR-12 (07/04)